United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CALIFORNIA WINERY WORKERS PENSION TRUST FUND,<br><br>    Plaintiff/Counter-Defendant,<br>v.<br>UNION BANK NA,<br>    Defendant/Counter-Plaintiff.<br>_____/<br>UNION BANK NA,<br>    Third-Party Plaintiff.<br>v.<br>CORY BROWN, et al.<br>    Third-Party Defendants.<br>_____/ | No. C 10-02240 SI<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED THIRD-PARTY COMPLAINT** |

Currently before the Court is the motion by Third-Party Defendants – members of the Board of Trustees of the California Winery Workers Pension Trust Fund ("Trustees") – to dismiss defendant Union Bank NA's Amended Third-Party Complaint. The motion is set for hearing on July 15, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Trustees' motion to dismiss is GRANTED.

///

**BACKGROUND**

As explained in this Court's April 6, 2011 Order, the underlying action seeks recovery under the Employee Retirement Income Security Act ("ERISA") on behalf of the California Winery Workers' Pension Trust Fund ("Fund"). The action was filed by the Board of Trustees of the Fund ("Board") in its capacity as the fiduciary of the Fund, and alleges that Defendant and Third-Party Plaintiff, Union Bank N.A. violated its fiduciary duties under ERISA and violated the Corporate Co-Trustee Agreement and Securities Lending Agreement (collectively, "Agreements"), by engaging in investment activities which involved inappropriate risk, led to inappropriate losses and were in direct violation of the terms and conditions of the Agreements. Complaint, ¶ 1. Specifically, the Board alleges that Union Bank breached its fiduciary duties under ERISA with respect to two investments – a Lehman Brothers bond ("Lehman bond") and $5 million in Asset Backed Securities, the Higher Education Series 2004-1 A10 bond ("Higher Education Bond"). The Board asserts that both investments were imprudent and exceeded the 5% per issuer concentration limit set by the Agreements, and that the Lehman Bond also exceeded the aggregate portfolio concentration limit of 25% for Corporate Obligations. *Id*., ¶¶34-35, 58.

In response, Union Bank filed a counter-claim against the Board and a Third-Party Complaint against the Trustees individually, asserting that the Board as well as the individual Trustees violated their fiduciary duties to the Fund by failing to adequately monitor and review Union's Bank investments. Union Bank also sought hold the Board liable for indemnification or contribution under ERISA and the Agreements. Union Bank's claims were based on its assertion that the Board and Trustees failed to complain to Union Bank about the method by which Union Bank calculated and applied the portfolio concentration limits. *See* Defendant Union Bank's Amended Counterclaim for Indemnification, Docket No. 26; Third Party Complaint, Docket No. 18, ¶ 4. Union Bank claimed its method for calculating the portfolio limits was fully disclosed to the Board, yet the Board failed to notify Union Bank of its position until the Fund had suffered losses on the Bonds. Third Party Complaint, ¶¶ 4, 37-38.

On April 6, 2011, the Court dismissed Union Bank's counter- and third-party claims. The Court found that under Ninth Circuit precedent, Union Bank could not bring claims that sought

2

indemnification or contribution from the Board or Trustees or otherwise seek to minimize its own potential liability by implicating the Board and Trustees. *See* Docket No. 80 at 13-14. Specifically, the Court rejected the Bank's allegations that it could properly assert a claim against the Trustees based on the Trustees' alleged failure to notify Union Bank that the Trustees disagreed with how Union Bank was calculating the concentration limits. *Id.*; *see also id.* at 12.[1] The Court also found that the relief Union Bank sought, to force the Trustees to bear some portion of liability for the investments made by Union Bank, were barred under ERISA. *Id.* at 14. As a result, the Court dismissed the Bank's breach of fiduciary duty and breach of co-fiduciary duty claims, but gave Union Bank limited leave to amend to the extent the Bank was able to allege that the Trustees engaged in conduct separate and apart from Union Bank's alleged conduct and to plead facts supporting the Trustees' liability that was not derivative of the Bank's actions. *Id.*

On April 18, 2011, Union Bank filed its Amended Third-Party Complaint. The Trustees move to dismiss it, arguing that the Bank has failed to allege any conduct on the part of the Trustees that is not derivative of the potential liability of Union Bank.

## DISCUSSION

The Court has reviewed the allegations in the Amended Third-Party Complaint and finds that the allegations suffer from the same deficiencies that led the Court to dismiss the prior Third-Party Complaint. The factual allegations supporting the Bank's claim that the Trustees breached their

---

[1] In rejecting the claims for contribution and indemnity, the Court explained:

Union Bank's complaint, however, makes it clear that the individual trustees are allegedly liable because they failed to monitor and review the monthly statements provided by Union Bank and failed to make timely objections regarding Union Bank's calculation of contribution limits and investment decisions. *See, e.g.*, Third-Party Complaint, ¶ 4; *see also* Union Bank's Opposition to Motion to Dismiss Third-Party Complaint at 13:13-18. Therefore, if Union Bank is not liable to the Fund (because it reasonably and/or in good faith followed the investment guidelines in the Plan documents), then the individual trustees could *not* be independently liable for failure to monitor and review Union Bank's reasonable and good faith conduct. Union Bank has alleged no set of facts that could make the individual trustees liable for a breach of a fiduciary duty under ERISA separate and apart from the facts underlying the Fund's ERISA claim against Union Bank.

*Id.* at 12.

fiduciary duties to the Fund are – as in the prior complaint – that the Trustees failed to review or understand Union Bank's statements disclosing the method the Bank used to calculate concentration ratios, failed to assess or understand the Lehman or Higher Education Bond investments, and otherwise failed to take any steps to protect the Fund from "what [the Trustees] now allege were imprudent violations of the Pension Fund's investment guidelines." Amended Third-Party Complaint, ¶¶ 4, 6, 68, 73.

The Court again finds that these allegations are all derivative of Union Bank's conduct. Union Bank complains that the Trustees failed to monitor Union Bank, failed to object to the allocation methodology Union Bank was using, and failed to notify Union Bank or "other outside investment managers or agents" that they believed the Bank violated the investment guidelines. *Id.*, ¶ 6. These are not "facts that the individual trustees engaged in conduct separate and apart from the conduct of Union Bank, that caused a loss to the Fund." April 6, 2011 Order at 14. Through its Amended Third-Party Complaint, Union Bank is still attempting to shift the responsibility for its actions, which is foreclosed in the Ninth Circuit.[2]

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Trustees' motion to dismiss the Amended Third-Party Complaint. The Third-Party Complaint is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: June 21, 2011

SUSAN ILLSTON
United States District Judge

---

[2] *See, e.g.,* April 6, 2011 Order at 11-12 (relying on Ninth Circuit precedent and distinguishing *Youngberg v. Bekins Co.*, 930 F. Supp. 1396 (E.D. Cal. 1996)).

4